1  **PILLSBURY WINTHROP SHAW PITTMAN LLP**

2  COLIN T. KEMP (SBN 215408)
Four Embarcadero Center, 22nd Floor
3  San Francisco, CA 94111-5998
Phone: 415.983.1000
4  Fax: 415.983.1200
Email: colin.kemp@pillsburylaw.com
5
BRYAN P. COLLINS (*pro hac vice* application to be filed)
6  1650 Tysons Boulevard, Suite 1400
McLean, VA 22102-4856
7  Phone: 703.770.7900
Fax: 703.770.7901
8  Email: bryan.collins@pillsburylaw.com

9  MATTHEW R. STEPHENS (SBN 288223)
501 West Broadway, Suite 1100
10  San Diego, CA 92101-3575
Phone: 619.234.5000
11  Fax: 619.236.1995
Email: matthew.stephens@pillsburylaw.com
12
Attorneys for Plaintiff Victaulic Company
13

14                **UNITED STATES DISTRICT COURT**

15                **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 16  VICTAULIC COMPANY, a New Jersey Corporation, | Case No. **'17CV1006 JAH JLB** |
| 17 | |
| 18          Plaintiff, | COMPLAINT FOR PATENT INFRINGEMENT |
| 19      v. | DEMAND FOR JURY TRIAL |
| 20  ALLIED RUBBER & GASKET CO., INC. d/b/a ARGCO, a California Corporation; TAIZHOU REALFLEX PIPETEC CO., LTD., a Peoples' Republic of China Corporation, | |
| 21 | |
| 22 | |
| 23 | |
| 24          Defendants. | |

25

26                          **COMPLAINT**

27      Plaintiff, VICTAULIC COMPANY ("VICTAULIC") alleges as follows:

28

4813-7749-0760.v1

## PARTIES

1. Plaintiff VICTAULIC is a corporation organized and existing under the laws of the state of New Jersey, with a principal place of business located at 4901 Kesslerville Road, Easton, Pennsylvania, 18040.

2. On information and belief, Defendant ALLIED RUBBER & GASKET CO., INC., d/b/a ARGCO, ("ARGCO") is a corporation existing under the laws of the state of California with a principal place of business at 5816 Dryden Place, Suite 101, Carlsbad, California 92008.

3. On information and belief, TAIZHOU REALFLEX PIPETEC CO., LTD. ("REALFLEX") is a corporation existing under the laws of China, with a principal place of business at No.18 ChaoYuan Rd., HuangYan West Industry Zone. TaiZhou City, Zhejiang Province, P.R China 318020.

4. The Defendants are properly joined because, as detailed below, the right to relief asserted against them arises "out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale or selling of the same accused product[s]," and "questions of fact common to all defendants . . . will arise in the action." 35 U.S.C. §299. Specifically, the same products are accused of infringement herein in Count I.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the United States patent laws, 35 U.S.C. §§ 1 *et seq*.

6. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

7. This Court has personal jurisdiction over Defendants because each has committed acts giving rise to this action within and/or directed to this State and this judicial district, and has established minimum contacts within the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair

play and substantial justice.  This Court has personal jurisdiction over Defendants pursuant to California Code of Civil Procedure Section 410.10 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

8. ARGCO has established contacts with the forum and purposefully availed itself of this jurisdiction by committing and continuing to commit acts of patent infringement, or inducing or contributing to others doing the same, in this District. ARGCO's principal place of business identified above is located in this District.

9. REALFLEX has established contacts with the forum and purposefully availed itself of this jurisdiction by committing and continuing to commit acts of patent infringement, or inducing or contributing to others doing the same, in this District. On information and belief, such acts include doing business with ARGCO in this District, including selling the ACCUSED SPRINKLER DROP and ACCUSED BRACKET (defined below) to ARGCO. On information and belief, REALFLEX has a contractual or other business arrangement with ARGCO, located in this District, and receives orders from ARGCO for the manufacture and sale of the ACCUSED SPRINKLER DROP and ACCUSED BRACKET to ARGCO for subsequent sale, offer for sale, and/or importation in the United States.

10. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b), 1391(c), and 1400(b), because each Defendant has committed acts within or directed to this judicial district giving rise to this action, and/or each Defendant "resides" in this District as it is subject to personal jurisdiction in this District.  Venue is also appropriate because Defendants do business in this judicial district, including one or more of the infringing acts of offering for sale, selling, using infringing products, or providing service and support to Defendants' customers in this District and they do so through established distribution channels.

## PATENTS-IN-SUIT

11. On March 3, 2015, United States Reissue Patent No. 45,399 ("the '399

4813-7749-0760.v1

Patent") entitled "Mounting Structure for Fire Protection Systems" was issued by the United States Patent and Trademark Office.

12. A copy of the '399 Patent is attached as **Exhibit A**.

13. The '399 Patent is assigned to VICTAULIC, and has been at all relevant times. VICTAULIC is the owner of the '399 Patent with the right to enforce the '399 Patent.

14. The '399 Patent is in force.

15. On May 27, 2014, United States Patent No. 8,733,799 ("the '799 Patent") entitled "Combination Sealing Member and Pipe Couplings" was issued by the United States Patent and Trademark Office.

16. A copy of the '799 Patent is attached as **Exhibit B**.

17. The '799 Patent is assigned to VICTAULIC, and has been at all relevant times. VICTAULIC is the owner of the '799 Patent with the right to enforce the '799 Patent.

18. The '799 Patent is in force.

19. The '799 Patent has been the subject two Petitions for *Inter Partes* Review before the Patent Trial & Appeal Board at the U.S. Patent & Trademark Office challenging its validity (IPR2016-00276 and IPR2016-0277). Neither proceeding was instituted because the Petitioner failed to show a reasonable likelihood of prevailing on its invalidity challenge.

## INFRINGEMENT OF THE '399 PATENT

**A.  The Accused Sprinkler Products Infringing the '399 Patent**

20. The ACCUSED SPRINKLER DROP is depicted in **Exhibit C** (a non-braided version) and **Exhibit D** (a braided version). The ACCUSED SPRINKLER DROP includes the models identified therein, including ARGCO's Item Nos. 6530160, 6530161, 6530162, 6530163, 6530164, 6530165, 6530166, 6530167, 6530168, 6530169, 6530170, 6530171, 6530172, 6530173, 6530174, 6530175, 6530176, 6530177, 6530178, 6530179 and any other models covered by at least one

valid claim of the '399 Patent.

21.    The ACCUSED BRACKET is the component labelled "Fast Center Bracket" on page 2 of **Exhibit C** and "Hinged Center Bracket For Quick And Easy Installation" on page 3 of **Exhibit D**.  The ACCUSED BRACKET is also sold separately by ARGCO under Item No. 6530184.  Collectively, the ACCUSED BRACKET and ACCUSED SPRINKLER DROP are referred to as the ACCUSED SPRINKLER PRODUCTS.

22.    On information and belief, REALFLEX makes at least the ACCUSED BRACKET used in the ACCUSED SPRINKLER DROP and sells the same to ARGCO for sale, offer for sale and/or importation by ARGCO in or into the United States.

23.    On information and belief, REALFLEX makes the entire ACCUSED SPRINKLER DROP or the substantial components thereof, including the ACCUSED BRACKET and its end brackets, and sells the same to ARGCO for sale, offer for sale and/or importation by ARGCO in or into the United States.

24.    The ACCUSED BRACKET and the end brackets of the ACCUSED SPRINKLER DROP are marked with a logo in the form of a stylized RF in a circle indicating REALFLEX.

25.    The ACCUSED BRACKET meets each and every limitation, either literally or equivalently, of at least claims 9-11, 13, 19-21, 29-41, 53-57, and 59-62 of the '399 Patent.

26.    For example, the ACCUSED BRACKET is a "mounting bracket" that includes a "base" or "base member" and "locking unit" as defined by each of independent claims 9, 19, 29, 53, 60, and 62 and the "locking member" of claim 9, as well as any other limitations of those claims, including the various "sidewalls," "retention members," and movable or pivotal connections for opening and closing as recited in the claims.  The ACCUSED BRACKET also includes all the features of the dependent claims identified in the preceding paragraph.

4813-7749-0760.v1

27. The ACCUSED SPRINKLER DROP meets each and every limitation, either literally or equivalently, of at least claims 14-16, 18, 24-26, and 42-52 of the '399 Patent.

28. For example, the ACCUSED SPRINKLER DROP is a "support assembly" for a sprinkler or sprinkler head assembly with a "latitudinal support bar" or "unit" and a pair of "end brackets" or "longitudinal support units" as recited in independent claims 14, 24 and 42. The ACCUSED SPRINKLER DROP also includes a "mounting bracket" (i.e., the ACCUSED BRACKET) that has a "base" and "locking unit" as defined by each of independent claims 14, 24, and 42 and the "locking member" of claim 14, as well as any other limitations of those claims, including the various "sidewalls" and movable or pivotal connections for opening and closing as recited in the claims. The ACCUSED SPRINKLER DROP also includes all the features of the dependent claims identified in the preceding paragraph.

29. The ACCUSED SPRINKLER DROP also meets each and every limitation, either literally or equivalently, of at least claims 9-11, 13, 19-21, 29-41, 53-57, and 59-62 of the '399 Patent because it includes the ACCUSED BRACKET, which infringes those claims as alleged above.

30. VICTAULIC sells products, such as the VicFlex AH5 in its AquaFlex® Series, covered by the '399 Patent. For example, the VicFlex AH5 is promoted in its literature as having a "Patented 1-Bee-2 Center Bracket." **Exhibit E** at 3.

31. ARGCO includes on its website pages for the ACCUSED SPRINKLER PRODUCTS a "Cross Reference" to VICTAULIC's VicFlex AH5 product. A representative example from ARGCO's website is attached at **Exhibit F**. On information and belief, ARGCO is thus aware of VICTAULIC's patented product and the '399 Patent covering it, and is promoting the ACCUSED SPRINKLER PRODUCTS in direct competition with it.

4813-7749-0760.v1

**B. Direct Infringement of the '399 Patent By Sales, Offers for Sale and Importation of the Accused Bracket and the Accused Sprinkler Drop**

32. The ACCUSED SPRINKLER DROP including the ACCUSED BRACKET is or has been sold, offered for sale, used, or imported in or into the United States.

33. The ACCUSED BRACKET is or has been sold, offered for sale, used, or imported in or into the United States by ARGCO.

34. The ACCUSED SPRINKLER DROP is or has been sold, offered for sale, used, or imported in or into the United States by ARGCO.

35. On information and belief, the ACCUSED BRACKET is or has been sold, offered for sale, or imported in or into the United States by REALFLEX.

36. On information and belief the ACCUSED SPRINKLER DROP is or has been sold, offered for sale, or imported in or into the United States by REALFLEX.

**C. Induced and/or Contributory Infringement of the '399 Patent**

37. ARGCO is aware of the '399 Patent at least based on the filing of this Complaint, and on information and belief has been aware of the '399 Patent prior to such filing, including during the relevant times of its sale, offer for sale and/or importation of the ACCUSED BRACKET and/or the ACCUSED SPRINKLER DROP. For example, ARGCO's promotion of those products in competition with VICTAULIC's patented VicFlex AH5 shows awareness of the patented Victaulic product and, on information and belief, knowledge of the related '399 patent.

38. REALFLEX is aware of the '399 Patent at least based on the filing of this Complaint, and on information and belief has been aware of the '399 Patent prior to such filing, including during the relevant times of its manufacture and sale of the ACCUSED BRACKET and/or the ACCUSED SPRINKLER DROP.

39. ARGCO has obtained UL certification for the ACCUSED SPRINKLER DROP including the ACCUSED BRACKET in the United States.

40. REALFLEX has also obtained UL certification for the ACCUSED

SPRINKLER DROP including the ACCUSED BRACKET in the United States.

41. On information and belief, the ACCUSED SPRINKLER DROP is and/or has been made or sold by REALFLEX with the intent and/or knowledge that the same will be subsequently sold, offered for sale, used or imported in or into the United States.

42. On information and belief, the ACCUSED BRACKET is and/or has been made or sold by REALFLEX with the intent and/or knowledge that the same will be subsequently sold, offered for sale, used or imported in or into the United States.

43. On information and belief, REALFLEX intends or has intended that the ACCUSED BRACKET be used in the ACCUSED SPRINKLER DROP imported, sold, used, offered for sale and/or imported in or into the United States.

44. On information and belief, ARGCO intends or has intended that the ACCUSED BRACKET be used in the ACCUSED SPRINKLER DROP imported, sold, used, offered for sale and/or imported in or into the United States.

45. The ACCUSED BRACKET is a material part of the ACCUSED SPRINKLER DROP.  It is material for at least the reason it is the sole component that connects to and locates the sprinkler reducer on the center bar during installation.  The ACCUSED BRACKET is not a staple article or commodity of commerce suitable for a substantial non-infringing use.  The ACCUSED BRACKET has no substantial use other than in the ACCUSED SPRINKLER DROP or another device meeting each and every limitation, either literally or equivalently, of at least claims 14-16, 18, 24-26, and 42-52 of the '399 Patent.  The ACCUSED BRACKET is designed for the sole purpose of use in the invention defined by those claims.

46. On information and belief, REALFLEX knows the ACCUSED BRACKET is especially made or especially adapted for use in the ACCUSED SPRINKLER DROP infringing the '399 Patent at least based on the filing of this Complaint, and possibly had such knowledge earlier.

4813-7749-0760.v1

47. On information and belief, ARGCO knows the ACCUSED BRACKET is especially made or especially adapted for use in the ACCUSED SPRINKLER DROP infringing the '399 Patent at least based on the filing of this Complaint, and possibly had such knowledge earlier.

48. On information and belief, the infringing conduct by ARGCO is or has been with the intent to infringe the '399 Patent, at least as early as of this Complaint.

49. On information and belief, the infringing conduct by REALFLEX is or has been with the intent to infringe the '399 Patent, at least as early as of this Complaint.

## INFRINGEMENT OF THE '799 PATENT

**A.    The Accused Pipe Coupling Product Infringing the '799 Patent**

50. The ACCUSED PIPE COUPLING PRODUCT is depicted in **Exhibit G**. The ACCUSED PIPE COUPLING PRODUCT includes the models identified therein of varying size, and any other models covered by at least one valid claim of the '799 Patent.

51. The ACCUSED PIPE COUPLING PRODUCT when used to connect two pieces of pipe in end to end relation meets each and every limitation, either literally or equivalently, of at least claims 1-6, 12, 16, 17 and 18 of the '799 Patent.

52. For example, the ACCUSED PIPE COUPLING PRODUCT includes "a coupling" and "a sealing member," as defined by claim 1. The coupling has "a plurality of segments joined end to end," and is "for securing said pipe elements together in end to end relationship," as recited by claim 1. Those segments have "surfaces facing inwardly and engageable with outer surfaces of said pipe elements," and "adjustably tightenable connection members for drawing said segments toward said pipe elements," as recited by claim 1. Each of those segments has "an annular channel positioned between said surfaces," and the sealing member is "positioned between said segments within said annular channels," as recited by claim 1.

53. The ACCUSED PIPE COUPLING PRODUCT's sealing member

9
4813-7749-0760.v1

includes a "flexible, resilient ring having a ring inner surface adapted to engage said outer surfaces of said pipe elements." The "ring inner surface has a diameter sized to receive said pipe elements upon insertion of said pipe elements between said segments," as recited by claim 1. The ring has "a ring outer surface having a diameter for supporting said segments in a pre-assembled state wherein said segments are attached to one another by said connection members and supported on said ring in spaced apart relation sufficient to allow said pipe elements to be axially inserted therebetween," as recited in claim 1. This is confirmed by **Exh. G** instructing the user to "[s]imply push coupling onto a grooved pipe end or component. . . No disassembly required."

54. The ACCUSED PIPE COUPLING PRODUCT's "segments [are] first joined end to end surrounding said ring, said segments being thereby initially supported on said ring in said spaced apart relation in said preassembled state." The "pipe elements [are] then inserted into said ring supporting said segments, said segments then being adjustably tightened and drawing said segments toward and into engagement with said pipe elements," as recited by claim 1. This again refers to the language discussed above in **Exh. G**.

55. The ACCUSED PIPE COUPLING PRODUCT also includes all the features of at least the dependent claims 2-6, 12, 16, 17 and 18 identified above.

56. VICTAULIC actively promotes the installation ready technology covered by the '799 Patent and the related patented products, such as its 009 series of installation ready couplings. **Exh. H**.

57. ARGCO's pipe couplings in general compete directly with VICTAULIC's, and ARGCO cross-references its products against VICTAULIC products. **Exh. I**. ARGCO thus stays abreast of VICTAULIC products in general, and on information and belief is aware of VICTAULIC's patented products and the '799 Patent covering them.

4813-7749-0760.v1

### B.  Induced and/or Contributory Infringement of the '799 Patent

58. The ACCUSED PIPE COUPLING PRODUCT is or has been sold, offered for sale, used, or imported in or into the United States.

59. The ACCUSED PIPE COUPLING PRODUCT is or has been sold, offered for sale, used, or imported in or into the United States by ARGCO.

60. ARGCO is aware of the '799 Patent at least based on the filing of this Complaint, and on information and belief has been aware of the '799 Patent prior to such filing, including during the relevant times of its sale, offer for sale and/or importation of the ACCUSED PIPE COUPLING PRODUCT.  For example, ARGCO's cross-referencing and competition against VICTAULIC's products shows awareness of the patented Victaulic product and, on information and belief, knowledge of the related '799 patent.

61. The ACCUSED PIPE COUPLING PRODUCT is not a staple article or commodity of commerce suitable for a substantial non-infringing use.  The ACCUSED PIPE COUPLING PRODUCT has no substantial use other than for connecting pieces of pipe to meet each and every limitation, either literally or equivalently, of at least claims 1-6, 12, 16, 17 and 18 of the '799 Patent.  The ACCUSED PIPE COUPLING PRODUCT is designed for the sole purpose of use in the invention defined by those claims.

62. The ACCUSED PIPE COUPLING PRODUCT is a material part of the inventions in the asserted claims.  It is material for at least the reason it is the sole component that connects pipe elements together.

63. On information and belief, ARGCO knows the ACCUSED PIPE COUPLING PRODUCT is especially made or especially adapted for use in infringing the '799 Patent at least based on the filing of this Complaint, and possibly had such knowledge earlier.

64. On information and belief, the infringing conduct by ARGCO is or has been with the intent to infringe the '799 Patent, at least as early as of this Complaint.

4813-7749-0760.v1

## COUNT I – PATENT INFRINGEMENT OF U.S. REISSUE PATENT NO. 45,399
## (AGAINST BOTH DEFENDANTS)

65. VICTAULIC incorporates paragraphs 1 through 64 above by this reference, as though fully set forth herein.

66. All the claims of the '399 Patent asserted herein are presumed valid.

67. ARGCO has directly infringed at least claims 9-11, 13-16, 18-21, 24-26, 29-41, 42-57, and 59-62 of the '399 Patent.

68. On information and belief, ARGCO has, also or in the alternative, actively induced or contributed to the infringement of at least claims 14-16, 18, 24-26, and 42-52 of the '399 Patent at least, for example, by its sales, offer for sale and/or importation in or into the United States of the ACCUSED SPRINKLER DROP, and/or the ACCUSED BRACKET for use and assembly into the ACCUSED SPRINKLER DROP in the United States.

69. ARGCO is on notice of the '399 Patent at least as early as the date of this Complaint, and possibly earlier, and any infringement after notice of the '399 Patent is willful.

70. On information and belief, such infringement of the '399 Patent by ARGCO will continue unless enjoined by this Court.

71. On information and belief, REALFLEX has directly infringed at least claims 9-11, 13-16, 18-21, 24-26, 29-41, 42-57, and 59-62 of the '399 Patent.

72. On information and belief, REALFLEX has, also or in the alternative, actively induced and/or contributed to the infringement of at least claims 9-11, 13-16, 18-21, 24-26, 29-41, 42-57, and 59-62 of the '399 Patent at least, for example, by (a) its manufacture or sale of the ACCUSED BRACKET and/or the ACCUSED SPRINKLER DROP for subsequent sale, offer for sale, and/or importation in or into the United States, and/or (b) its manufacture or sale of the ACCUSED BRACKET for use and assembly into the ACCUSED SPRINKLER DROP in the United States or for subsequent sale, offer for sale, and/or importation as part of the ACCUSED

4813-7749-0760.v1

SPRINKLER DROP in or into the United States.

73. REAFLEX is on notice of the '399 Patent at least as early as the date of this Complaint, and possibly earlier, and such infringement after notice of the '399 Patent is willful.

74. On information and belief, such infringement of the '399 Patent by REALFLEX will continue unless enjoined by this Court.

75. As a consequence of the Defendants' infringement complained of herein, VICTAULIC will sustain damages by such acts in an amount to be determined at trial and will suffer irreparable loss and injury.

### COUNT II – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,733,799
### (AGAINST ARGCO ONLY)

76. VICTAULIC incorporates paragraphs 1 through 64 above by this reference, as though fully set forth herein.

77. All the claims of the '799 Patent asserted herein are presumed valid.

78. On information and belief, ARGCO has actively induced or contributed to the infringement of at least claims 1-6, 12, 16, 17 and 18 of the '799 Patent at least, for example, by its sales, offer for sale and/or importation in or into the United States of the ACCUSED PIPE COUPLING PRODUCT in the United States.

79. ARGCO is on notice of the '799 Patent at least as early as the date of this Complaint, and possibly earlier, and any infringement after notice of the '799 Patent is willful.

80. On information and belief, such infringement of the '799 Patent by ARGCO will continue unless enjoined by this Court.

81. As a consequence of the ARGCO's infringement complained of herein, VICTAULIC will sustain damages by such acts in an amount to be determined at trial and will suffer irreparable loss and injury.

4813-7749-0760.v1

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, VICTAULIC respectfully requests judgment and relief as follows:

(a) Pursuant to 35 U.S.C. § 271, a determination that ARGCO has directly infringed, contributorily infringed, and/or actively induced infringement of the '399 Patent;

(b) Pursuant to 35 U.S.C. § 283, an order that ARGCO and those in privity with ARGCO be preliminarily and permanently enjoined from infringing the '399 Patent and/or inducing or contributing to such infringement;

(c) Pursuant to 35 U.S.C. § 284, an award of damages against ARGCO adequate to compensate VICTAULIC for infringement of the '399 Patent including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

(d) Pursuant to 35 U.S.C. § 271, a determination that ARGCO has contributorily infringed, and/or actively induced infringement of the '799 Patent;

(e) Pursuant to 35 U.S.C. § 283, an order that ARGCO and those in privity with ARGCO be preliminarily and permanently enjoined from infringing the '799 Patent and/or inducing or contributing to such infringement;

(f) Pursuant to 35 U.S.C. § 284, an award of damages against ARGCO adequate to compensate VICTAULIC for infringement of the '799 Patent including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

(g) Pursuant to 35 U.S.C. § 285, a determination that this is an exceptional case and an assessment of reasonable attorneys' fees against ARGCO;

(h) Pursuant to 35 U.S.C. § 271, a determination that REALFLEX has directly infringed, contributorily infringed, and/or actively induced infringement of the '399 Patent;

(i) Pursuant to 35 U.S.C. § 283, an order that REALFLEX and those in

4813-7749-0760.v1

privity with REALFLEX be preliminarily and permanently enjoined from infringing the '399 Patent and/or inducing or contributing to such infringement;

    (j)    Pursuant to 35 U.S.C. § 284, an award of damages against REALFLEX adequate to compensate VICTAULIC for infringement of the '399 Patent including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

    (k)    Pursuant to 35 U.S.C. § 285, a determination that this is an exceptional case and an assessment of reasonable attorneys' fees against REALFLEX;

    (l)    An award of pre- and post-judgment interest as permitted;

    (m)    That the Defendants be deemed jointly and severally liable for the relief requested herein with regard to the '399 Patent; and

    (n)    Such other and further relief as the Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable by right pursuant to Federal Rule of Civil Procedure 38.

Dated: May 16, 2017

                              PILLSBURY WINTHROP SHAW PITTMAN LLP

                              By: */s/Colin T. Kemp*
                                  Colin T. Kemp
                                  Attorneys for Plaintiff
                                  VICTAULIC COMPANY

4813-7749-0760.v1