1 | **PILLSBURY WINTHROP SHAW PITTMAN LLP**

2 | COLIN T. KEMP (SBN 215408)
Four Embarcadero Center, 22nd Floor
3 | San Francisco, CA 94111-5998
Phone: 415.983.1000
4 | Fax: 415.983.1200
Email: colin.kemp@pillsburylaw.com
5

6 | BRYAN P. COLLINS (*pro hac vice* application to be filed)
1650 Tysons Boulevard, Suite 1400
McLean, VA 22102-4856
7 | Phone: 703.770.7900
Fax: 703.770.7901
8 | Email: bryan.collins@pillsburylaw.com

9 | MATTHEW R. STEPHENS (SBN 288223)
501 West Broadway, Suite 1100
10 | San Diego, CA 92101-3575
Phone: 619.234.5000
11 | Fax: 619.236.1995
Email: matthew.stephens@pillsburylaw.com

12 | Attorneys for Plaintiff Victaulic Company

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTAULIC COMPANY, a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED RUBBER & GASKET CO., INC. d/b/a ARGCO, a California Corporation; TAIZHOU REALFLEX PIPETEC CO., LTD., a Peoples' Republic of China Corporation,<br><br>Defendants. | Case No. 3:17-CV-01006-BEN-JLB<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT ON DEFENDANT TAIZHOU REALFLEX PIPETEC CO., LTD.<br><br>Judge:     Hon. Roger T. Benitez<br>Ctrm:      5A |

4813-7749-0760.v1

Plaintiff Victaulic Company ("Victaulic" or "Plaintiff") respectfully moves for an extension of time under CivLR 4.1(a) to serve the summons and complaint in this action on Defendant Taizhou RealFlex Pipetec Co., Ltd. ("RealFlex" or "Defendant").[1]

## I.  BACKGROUND

Victaulic filed its complaint for patent infringement against RealFlex and others on May 16, 2017. (Dkt. No. 1.) Victaulic understands that Defendant RealFlex is a corporation existing under the laws of China, with its principal place of business located in TaiZhou City, Zhejiang Province, People's Republic of China. (Dkt. No. 1 at ¶ 3.) Victaulic has undertaken diligent efforts to serve RealFlex through the Hague Convention.

Victaulic has engaged a firm specializing in service of civil process in foreign countries. (*See* Declaration of Celeste Ingalls ("Ingalls Decl.").) On July 13, 2017, Ms. Celeste Ingalls forwarded the summons and complaint in this action, as well as Chinese translations of these, to Central Authority for China for service on Defendant RealFlex. (Ingalls Decl. ¶ 9.) Under the Hague Convention, signatory nations are not required to provide status updates on progress of service on a foreign individual, nor are they required to act within a specific time frame. (Ingalls Decl. ¶ 10.) There is no enforcement mechanism under the Hague to compel a signatory nation to act. (Ingalls Decl. ¶ 11.) In Ms. Ingalls' experience, service through the Hague Convention in China is a process that can take approximately seven to twelve months. (Ingalls Decl. ¶ 12.)

## II.  ARGUMENT

Plaintiff begins by noting that "the Rule 4(m) . . . requirement that a complaint be served within [90] days after filing does not apply to service in a foreign country."

---

[1] Victaulic and Defendant Allied Rubber & Gasket Co., Inc. d/b/a ARGCO have reached a settlement. A motion to dismiss pursuant to this settlement will be filed shortly.

*Bekaert Progressive Composites Corp. v. Wave Cyber Ltd.*, No. 06CV2440-LAB(LSP), 2007 WL 1585526, at *1 (S.D. Cal. May 31, 2007) (*Lucas v. Natoli*, 936 F.2d 432 (9th Cir.1991)).  Victaulic submits this Motion in an abundance of caution, as CivLR 4.1(a) does not distinguish between service on foreign versus domestic defendants.  Federal Rule of Civil Procedure 6(b) provides that this Court, in its discretion, may enlarge the time for good cause shown.  Fed. R. Civ. P. 6(b).  And, if Rule 4(m) does apply, that rule also states that if the plaintiff does show "good cause," then "the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

"[U]nder the terms of the rule, the court's discretion is broad."  *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).  "Rule 4(f) permits service by 'any internationally agreed means of service . . . such as those authorized by the Hague Convention."  Fed. R. Civ. P. 4(f)."  *Alpha Floors, Inc. v. Dyno Exch., et al. Additional Party Names: Song Tao, Steve Nam*, No. 8:16-CV-932-JLS-JCGX, 2016 WL 9185150, at *1 (C.D. Cal. Sept. 20, 2016).  Courts have recognized that utilizing the Hague Convention process to serve a foreign defendant in China can take upwards of six months.  *See id.*; *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1077 (9th Cir. 1999), *certified question answered sub nom. Broad v. Mannesmann Anlagenbau, A.G.*, 141 Wash. 2d 670, 10 P.3d 371 (2000), *opinion after certified question answered sub nom. Broad v. Mannesmann Anlagenbau AG*, 10 F. App'x 543 (9th Cir. 2001) ("Indeed, federal courts have recognized that central authorities can and do take significantly longer than 90 days to arrange for service of process.").  "Moreover, if service may in fact take that long to complete, then that would constitute good cause for an extension."  *Alpha Floors*, 2016 WL 9185150, at *1; *Smallwood v. Allied Pickfords, LLC*, No. 08CV2196BTM(RBB), 2009 WL 3247180, at *14 (S.D. Cal. Sept. 29, 2009), *aff'd sub nom. Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115 (9th Cir. 2011) ("find[ing] good cause under Rule 4(m) to extend Plaintiff's time to serve" a defendant due to lengthy delays).

3

4813-7749-0760.v1

Here, Victualic has attempted service well within the 90 days proscribed by Rule 4(m) and CivLR 4.1(a).  It has engaged Crowe Foreign Services, an expert in foreign service under the Hague Convention, to ensure service is effective in China on Defendant RealFlex.  Victualic accordingly submits that good cause exists to extend the time for serving Defendant RealFlex for reasonable period of twelve months.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Victualic submits requests that its motion for an extension of time to complete service on Defendant RealFlex be granted.

Dated:  August 14, 2017

                          PILLSBURY WINTHROP SHAW PITTMAN LLP

                          By: */s/ Matthew R. Stephens*
                              Matthew R. Stephens
                              Attorneys for Plaintiff
                              VICTAULIC COMPANY

4813-7749-0760.v1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing documents has been served on **August 14, 2017**, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

          /s/ Matthew R. Stephens
          Matthew R. Stephens

4813-7749-0760.v1