1  **PILLSBURY WINTHROP SHAW PITTMAN LLP**

2  COLIN T. KEMP (SBN 2154089)
   Four Embarcadero Center, 22nd Floor
3  San Francisco, CA 94111-5998
   Phone: 415.983.1000
4  Fax: 415.983.1200
   Email: colin.kemp@pillsburylaw.com

5
   BRYAN P. COLLINS (*pro hac vice* application to be filed)
6  1650 Tysons Boulevard, Suite 1400
   McLean, VA 22102-4856
7  Phone: 703.770.7900
   Fax: 703.770.7901
8  Email: bryan.collins@pillsburylaw.com

9  MATTHEW R. STEPHENS (SBN 288223)
   501 West Broadway, Suite 1100
10 San Diego, CA 92101-3575
   Phone: 619.234.5000
11 Fax: 619.236.1995
   Email: matthew.stephens@pillsburylaw.com

12

13 **UNITED STATES DISTRICT COURT**

14 **SOUTHERN DISTRICT OF CALIFORNIA**

15
   VICTAULIC COMPANY,                        Case No. 17CV1006 JAH JLB
16
                Plaintiff                    **DECLARATION OF**
17                                           **CELESTE INGALLS**
         v.
18
   ALLIED RUBBER & GASKET CO.,
19 INC. d/b/a ARGCO, A California
   Corporation; TAIZHOU REALFLEX
20 PIPETEC CO., LTD., a Peoples'
   Republic of China Corporation,
21
                Defendants.
22

23      I declare that I, Celeste Ingalls, am a citizen of the United States, over the age of twenty-one, not a

24 party nor an attorney for any party in this action, and state the following:

25      1.    I am employed by Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, 1020 SW

26 Taylor Street, Suite 240, Portland, Oregon, and have specialized in the service of civil process in foreign

27 countries for more than 21 years; and

28      2.    The United States and China are signatory to the Convention on the Service Abroad of

Declaration of Celeste Ingalls
Re: Service upon **Taizhou Realflex Pipetec Co., Ltd**

Judicial and Extrajudicial Documents in Civil or Commercial Matters, Done at the Hague, November 15, 1965, (Hague Service Convention); and

3. In accordance with Rule 108a.(1)(d) of the Texas Rules of Civil Procedure, service in foreign countries shall be "pursuant to the terms and provisions of any applicable treaty or convention; and

4. I have lectured to state/county bar, and other professional, associations on the mechanics and requirements of process service in foreign countries; and

5. Since 2003, I have attended, at special invitation as a private expert, the Special Administrative Sessions of the Hague Conference in The Hague, Netherlands, at which each signatory country was represented by their respective Judicial Authorities to discuss the practical mechanics of, and problems encountered in dealing with, the Hague Service Convention and the Hague Evidence Convention as they apply to each country's laws and interpretations of the Convention and its obligations; and have participated (at invitation) with the Hague Administration in a "training" session, presided over by the Hague Administration, to provide guidance to a foreign Central Authority and its courts on their practical obligations with respect to service under the provisions of the Hague Service Convention. At this session, it was agreed by the Hague Administration that although it contradicts the spirit of the Hague Service Convention, each signatory country has the discretion to interpret the Convention articles in a way that conforms to their internal law; and

6. In accordance with FRCP Rule 4(h)(2), service upon a corporation……. in a place not within any judicial district of the United States shall be by any manner prescribed for individuals by subdivision (f) --except personal delivery as provided in paragraph (2)(C)(i) thereof. In accordance with FRCP Rule 4(f)(1) service outside the United States shall be subject to the provisions of the Hague Service Convention; and

7. The Ministry of Justice in China has declared that it formally objects to the service of process by private individuals and has designated the Hague Service Convention, through China's designated central authority, as the authorized method of service within its territory; and

8. China declared that all documents to be served in accordance with the Hague Service Convention must be translated into Chinese; and

9. On July 13, 2017, I forwarded the Summons in a Civil Action, Complaint, Civil Cover

Declaration of Celeste Ingalls
Re: Service upon **Taizhou Realflex Pipetec Co., Ltd.**

Sheet, Exhibits, and Chinese translations thereof, to the Central Authority for China to be served upon **Taizhou Realflex Pipetec Co., Ltd.** in accordance with the Hague Service Convention; and

10. No signatory nation is obligated under the Hague Service Convention to provide status with respect to service of documents in its possession and there is no obligatory time frame; and

11. There is currently no provision within the Articles or framework of the Hague Service Convention for enforcement of a signatory country's actions and obligations under the Hague Service Convention; and

12. In the past, service times had increased to approximately 7 to 12 months from the time the documents were received by the Central Authority for China. However, recent activity and correspondence with respect to requests for service in accordance with the Hague Service Convention in China have dwindled. Our firm alone currently has more than 100 Hague requests for service in the hands of the Chinese courts, with many of these having been there for more than 18 months with no forewarning, explanation or status.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Dated this 7th day of August 2017 at Portland, Oregon

_Celeste Ingalls_

Declaration of Celeste Ingalls
Re: Service upon **Taizhou Realflex Pipetec Co., Ltd.**