FILED
SEP 28 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTAULIC COMPANY, a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TAIZHOU REALFLEX PIPETEC CO., LTD, a People's Republic of China Corporation,<br><br>Defendant. | Case No.: 3:17-cv-01006-BEN-JLB<br><br>**ORDER GRANTING MOTION FOR THIRD EXTENSION OF TIME TO SERVE UNDER THE HAGUE CONVENTION** |

Before the Court is Plaintiff Victaulic Company's motion for a third extension of time to serve Defendant Taizhou RealFlex Pipetec Co. Ltd. ("Realflex"). (Docket No. 10.) Plaintiff's Motion seeks an additional six months to serve Defendant RealFlex. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

Plaintiff filed its Complaint on May 16, 2017. (Docket No. 1.) It is Plaintiff's understanding that Defendant RealFlex is a corporation existing under the laws of China, with its principal place of business in Taizhou City, Zhejiang Province, People's Republic of China. (Mot. at 2; Compl. ¶ 3.) Plaintiff has since engaged "a firm specializing in service of process in foreign countries" to commence service pursuant to the Hague Convention. (Mot. at 2.) On July 13, 2017, a representative from the firm,

Celeste Ingalls, forwarded the summons and complaint to Central Authority for China for service on Defendant RealFlex. (*Id.* at 2.)

Previously, Ms. Ingalls submitted a declaration that "service through the Hague Convention in China is a process that can take approximately seven to twelve months." (Docket No. 5-2, Declaration of Celeste Ingalls ¶ 12.) In support of the second motion for extension, Ms. Ingalls provided a new declaration stating she had "recently received notification from the Ministry of Justice in Beijing that the standard turnaround time for service will now be between 1 and 2 years." (Docket No. 8-2, Declaration of Celeste Ingalls ¶ 11.) The Court granted the second motion, extending the time to serve to September 15, 2018, and granting leave to Plaintiff to file a later request for an extension, if needed.

The extended September 15, 2018 deadline to serve passed without the Central Authority in China completing service on RealFlex. According to his motion, Plaintiff's counsel failed to timely file for an extension by the Court's September 15, 2018 deadline because of a calendaring error. Promptly after discovering the error, Plaintiff's counsel contacted Chambers about his intention to seek a third extension of time, which Plaintiff's counsel filed only three days after the September 15, 2018 deadline. Therefore, Plaintiff's calendaring error and prompt action to remedy the missed deadline constitute excusable neglect within Rule 6(b)(1)(B).

In support of the present motion for extension, Ms. Ingalls provided a new declaration stating she received "notification in January 2018 from the Ministry of Justice in Beijing [that] 2 years remains their standard turnaround time." (Docket No. 10-2, Declaration of Celeste Ingalls ¶ 11.) Plaintiff has shown good cause for an extension of time to serve, and an additional six month extension is reasonable under the circumstances. The time to serve is extended to **March 15, 2019**.

In addition, Plaintiff is granted leave to file a further request for an extension if Plaintiff does not anticipate service will be completed by March 15, 2019. However, any further extension request shall (1) specifically identify each of the new efforts Plaintiff

2

has made since September 15, 2018 to timely complete service and (2) be supported by documentary evidence, over and above a declaration, of Plaintiff's and/or Ms. Ingall's good faith efforts to serve RealFlex. For example, Plaintiff may support any future motion for extension with documentation of communications with the Chinese government reflecting Plaintiff's efforts to effect service and the Chinese Government's standard turnaround times.

**IT IS SO ORDERED.**

DATED: September 26, 2018

HON. ROGER T. BENITEZ
United States District Judge